**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **AMTEC CORPORATION,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **CIVIL ACTION NO.:** |
| ] | **5:12-cv-1874-JHE** |
| **US CENTRIFUGE SYSTEMS LLC, et** ] | |
| **al.,** ] | |
| ] | |
| **Defendants.** | |

**ORDER**

This matter comes before the court as the result of a report and recommendation entered by the magistrate judge as a docket entry on June 6, 2013.  In it, he recommends that the motions to dismiss filed by the following defendants be denied: motion by Key Environmental Systmes, Inc. (doc. 4); motion by Schott Behrens (doc. 6); motion by Damon Turk (doc. 7); motion by Mike Evans (doc. 8); motion by Centriquip, Ltd. and Ashbrook Simon-Hartley, Ltd. (doc. 14); and motion by Robert Behrens (doc. 21).  The only ground stated for the recommendation is this court's "finding that there is subject matter jurisdiction."[1]  The only defendants to file objections to that recommendation are Centriquip, Ltd. and Ashbrook Simon-Hartley, Ltd. (doc. 35); these defendants correctly assert that the basis for their motion to dismiss is lack of personal—not subject matter—jurisdiction, and that the magistrate judge failed to address the important issue of personal jurisdiction over them.

Because of this court's prior ruling that federal subject matter jurisdiction lies in this case, the court ACCEPTS and ADOPTS the magistrate judge's recommendation and DENIES the motions

---

[1]  When the magistrate judge's report and recommendation on the plaintiff's motion to remand was referred to the undersigned judge, after a hearing, I found that this court has subject matter jurisdiction and denied the motion.  (Doc. 34).

to dismiss that specifically challenged subject matter jurisdiction; i.e., the motions filed by Key Environmental Systmes, Inc. (doc. 4); by Schott Behrens (doc. 6); by Damon Turk (doc. 7); Mike Evans (doc. 8); and by Robert Behrens (doc. 21).

However, because defendants Centriquip, Ltd. and Ashbrook Simon-Hartley, Ltd. did not challenge subject matter jurisdiction, neither this court's ruling nor the magistrate judge's recommendation applies.  The court specifically finds that the magistrate judge never examined or addressed the critical issues at the heart of these defendants' challenge to the court's jurisdiction over them personally. Further, the magistrate judge never considered the plaintiff's request that it be given leave to conduct discovery on the limited question of personal jurisdiction. (Doc. 16).  Because the magistrate judge never addressed these issues and erroneously listed the defendants' motion to dismiss along with the motions attacking subject matter jurisdiction, the court REJECTS the recommendation as to their motion (doc. 14).  Instead, the court returns this motion to the magistrate judge for initial consideration.

DONE and ORDERED this 3rd day of September, 2013.


KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE